

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEIF A.H. WERNER,

              Plaintiff - Appellee,

  v.

CITY OF POULSBO, municipality and
CITY OF POULSBO POLICE
DEPARTMENT, department of
municipality,

              Defendants,

  And

DARRELL MOORE,

              Defendant - Appellant.

No. 12-35875

D.C. No. 3:11-cv-05608-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted November 4, 2013
Seattle, Washington

Before: SCHROEDER, PAEZ, and BERZON, Circuit Judges.

---

     \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Officer Darrell Moore of the City of Poulsbo Police Department appeals the denial of qualified immunity in an action pursuant to 42 U.S.C. § 1983.

We review de novo a district court's order denying summary judgment on the ground of qualified immunity. *Rodis v. City & Cnty. of S.F.*, 558 F.3d 964, 968 (9th Cir. 2009). "[O]ur review is limited to the 'purely legal issue whether the facts alleged . . . support a claim of clearly established law.'" *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (citations omitted).

**(1)** We affirm the district court's denial of qualified immunity with respect to Officer Moore's application of a chokehold. Drawing all inferences in favor of Plaintiff Leif Werner, a reasonable jury could conclude that Officer Moore placed Werner in a chokehold *before* Werner engaged in any conduct justifying the use of force, and that, by grabbing Werner around the neck, Officer Moore made it difficult for Werner to breath. The district court properly relied for this purpose on Werner's sworn testimony that he was returning to his car, as directed, when Officer Moore grabbed Werner from behind and applied a chokehold around his neck.

It was clearly established at the time that such an unprovoked use of force was unlawful and unreasonable. Indeed, "[i]n assessing the state of the law at the time of [Werner]'s arrest, we need look no further than *Graham*'s holding that

force is only justified when there is a need for force." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (citing *Graham v. Connor*, 490 U.S. 386 (1989)).

Werner's admission that he resisted arrest does not change this result. As the district court noted, that Werner "*later* resisted arrest" does not preclude a finding that Officer Moore violated Werner's constitutional rights "if and when Werner was returning to his vehicle as instructed by Moore, and Moore proceeded to put a chokehold on Werner and arrest him." *Cf. Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005) ("[E]xcessive force used *after* a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted" (emphasis in original)).

**(2)** The district court's order does not specifically address whether it was granting or denying qualified immunity with regard to the taser applications. As the order denies qualified immunity to Officer Moore generally, rather than in part, we shall construe it as denying immunity for the taser use as well. We reverse the denial of qualified immunity insofar as it pertains to the taser usage.

Adopting Werner's version of the events, and drawing all inferences in his favor, a reasonable jury could conclude that the multiple taser applications

3

exceeded the amount of force justified under the circumstances, notwithstanding Werner's admission that he resisted arrest during the altercation. *See Mattos v. Agarano*, 661 F.3d 433, 445–46 (9th Cir. 2011) (en banc). At the time of the incident, however, the law governing taser usage for resisting arrest was not yet clearly defined. *See id.* at 448. Officer Moore is therefore entitled to qualified immunity under the second prong of *Saucier v. Katz*, 533 U.S. 194, 201 (2001), as to the taser usage.

**(3)** Werner seeks attorneys' fees pursuant to 42 U.S.C. § 1988 for this appeal. "A party may be awarded attorney fees as a prevailing party at an interlocutory stage of the proceeding if the party 'prevails on the merits as to one or more of his or her claims.'" *Marks v. Clarke*, 102 F.3d 1012, 1034 (9th Cir. 1996) (citation omitted). Since Werner has "won [no] more than the mere right to proceed to trial," *id.*, we deny his request for fees at this stage of the litigation.

Defendant shall bear the costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**